UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| JASON ANDERSON, | Case No. 23-CV-01137 (JMB/JFD) |
| Plaintiff, | |
| v. | ORDER<br>and<br>REPORT AND RECOMMENDATION |
| WARDEN THOMAS, | |
| Defendant. | |

This matter is before the Court on Plaintiff Jason Anderson's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Dkt. No. 1) and his Motion for a Preliminary Injunction (Dkt. No. 7). The case was referred to the undersigned United States Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1. The Court considered the parties' written arguments and now submits this Report and Recommendation. Mr. Anderson claims that the Bureau of Prisons (BOP) is holding him in violation of the laws and Constitution of the United States. (Pet. 2–3.) The undersigned disagrees and recommends denying the petition because Mr. Anderson began serving his sentence when he was in exclusive federal custody, not the day he was arrested by state authorities. Further, the BOP properly computed Mr. Anderson's prior custody credit. The undersigned therefore also recommends denying Plaintiff's Motion for a Preliminary Injunction as moot.

## I. BACKGROUND

Mr. Anderson is serving a 102-month term of imprisonment at the Federal Correctional Institution in Sandstone, Minnesota following his conviction of being a felon in possession a firearm in violation of 18 U.S.C. § 922(g)(1). (Teters Decl. ¶ 4, Dkt. No. 10; *id.* Ex. A at 2, Dkt. No. 10-1.) On March 24, 2017, Mr. Anderson was arrested by Indiana authorities for dealing marijuana and cocaine, as well as being in unlawful possession of a firearm. (Teters Decl. ¶ 6; *id.* Ex. C, Dkt. No. 10-3; *id.* Ex. D, Dkt. No. 10-4.) At the time of his arrest, Mr. Anderson was on probation for a 2001 Indiana state conviction,[1] so Indiana authorities sought to revoke his probation. (Teters Decl. ¶ 7; *id.* Ex. D; *id.* Ex. E, Dkt. No. 10-5.) The probation warrant reached him in jail on April 11, 2017. (Teters Decl. ¶ 7.) By the time he got the probation warrant, Mr. Anderson had been in jail on the new charges for 18 days. (Teters Decl. ¶ 22.)

In July 2017, a federal grand jury of the Northern District of Indiana indicted Mr. Anderson for being a felon in possession of three firearms. (Teters Decl. ¶ 8; *id.* Ex. F, Dkt. No. 10-6.) On August 10, 2017, the United States Marshals took temporary custody of Mr. Anderson so he could face the federal charges.[2] (Teters Decl. ¶ 9; *id.* Ex. G at 3, Dkt. No. 10-7.) During his temporary custody, his state case and his probation revocation proceeding remained pending. (*See* Teters Decl. ¶ 23.) Mr. Anderson pleaded guilty in federal court in November 2017, and he was sentenced in March 2018. (Teters Decl., Ex.

---

[1] Mr. Anderson had been on probation to the State of Indiana since December 2011. (Teters Decl., Ex. E at 7.)

[2] Pursuant to a writ of habeas corpus ad prosequendum. (*See* Teters Decl. ¶ 9; *id.* Ex. H at 2.)

G at 4–5.) The sentencing judge did not order that Mr. Anderson's federal sentence be served concurrently with any future-imposed state sentence, so any state sentence he received would run consecutively to his federal sentence. 18 U.S.C. § 3584(a) ("Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently."); *Elwell v. Fisher*, 716 F.3d 477, 483 (8th Cir. 2013) (explaining that federal courts have the power to determine whether federal sentences will run consecutively or concurrently with "yet-to-be imposed" state sentences).

After the federal court sentenced him, Mr. Anderson returned to state custody to address his state court matters, namely his suspended sentence from 2001 and his new charges from 2017. (*See* Teters Decl. ¶ 12; *id.* Ex. H at 2.) Indiana prosecutors dismissed the 2017 drug and firearms charges in March 2018, but Mr. Anderson still had the probation revocation proceedings from his 2001 case to resolve. (Teters Decl., Ex. C at 6.) On April 11, 2019, the state court presiding over his revocation proceedings found that Mr. Anderson had violated the terms and conditions of his suspended sentence and ordered him released to federal custody.[3] (Teters Decl. ¶ 13; *id.* Ex. E at 14.) On April 12, 2019, the BOP gained exclusive federal custody over Mr. Anderson. (Teters Decl. ¶ 13.)

Years later, the federal court that sentenced Mr. Anderson granted his unopposed motion to vacate his sentence pursuant to 28 U.S.C. § 2255 and resentenced him to 102

---

[3] On May 30, 2019, the same court resentenced Mr. Anderson to a term of imprisonment for 20 years. (Teters Decl. ¶ 14; *id.* Ex. L at 1, Dkt. No. 10-12.)

months in prison with two years of supervised release. (Teters Decl. ¶ 15; *id.* Ex. M, Dkt. No. 10-13; *id.* Ex. N at 2, Dkt. No. 10-14.); A summary of Mr. Anderson's custody history is included in Figure 1. In April 2023, Mr. Anderson filed this petition. (Pet. 1). About a month later, Mr. Anderson filed a motion for a preliminary injunction, seeking to be transferred to a halfway house while this lawsuit was pending. (Mot. Preliminary Inj. 1.)

## II.  LEGAL STANDARDS

A court may grant habeas relief under 28 U.S.C. § 2241 to a prisoner who "is in custody in violation of the Constitution or laws or treaties of the United States." A writ of habeas corpus under § 2241 is available to a federal prisoner who does not challenge the legality of his sentence, but instead challenges its execution subsequent to his conviction, *Matheny v. Morrison*, 307 F.3d 709, 711 (8th Cir. 2002), including the computation of the sentence, *Preiser v. Rodriguez*, 411 U.S. 475, 498 (1973) (observing that petitions seeking "immediate release or a speedier release from . . . confinement" are "the heart of habeas corpus"). Mr. Anderson's claim that the BOP's calculation of his sentence is wrong is just the kind of claim that habeas corpus intends to resolve. However, Mr. Anderson is not entitled to habeas relief because the BOP—which is entitled to substantial discretion in computing sentences—correctly calculated his sentence. *See Roberts v. United States*, No. 20-CV-2367 (SRN/ECW), 2021 WL 2077645, at *4 (D. Minn. May 6, 2021) ("[T]he BOP's determination of a sentence computation is entitled to "substantial deference." (citing *Fegans v. United States*, 506 F.3d 1101, 1105 (8th Cir. 2007))), *R&R adopted*, 2021 WL 2076220 (D. Minn. May 24, 2021).

4

### III. THE PETITION SHOULD BE DENIED BECAUSE THE BUREAU OF PRISONS CORRECTLY CALCULATED MR. ANDERSON'S SENTENCE.

In his petition Mr. Anderson alleges that the BOP failed to properly calculate his new sentence. (Pet. 3.) He recalls that the court at his resentencing told him he had served 72 months of his sentence, but the BOP's calculations only give him credit for 48 of those months. (*Id.*) He alleges he is entitled to immediate release. (*Id.*) The BOP replies that Mr. Anderson's federal sentence began on April 12, 2019, after his 2017 state charges were dismissed and his suspended 2001 sentence was revoked. (Def.'s Resp. 9.) Although Mr. Anderson had been in the physical custody of the United States Marshals earlier than April 12, 2019, while Mr. Anderson was in court during his federal proceedings, the state of Indiana had primary jurisdiction over him because it filed its charges against Mr. Anderson first. (*Id.* at 5–6.) Mr. Anderson never started serving his federal sentence until his state proceedings concluded and the time he served in federal custody was credited to his state probation violation instead. (*Id.* at 11–12.) The BOP is correct.

#### A. Mr. Anderson Did Not Start Serving His Federal Sentence Until He Was Released by The State of Indiana.

Mr. Anderson was prosecuted by both the State of Indiana and the United States of America. The primary jurisdiction doctrine provides that in cases like these, federal prisoners start serving their federal sentences "when the United States takes primary jurisdiction and a prisoner is presented to serve his federal sentence, not when the United States merely takes physical custody of a prisoner who is subject to another sovereign's primary jurisdiction." *Elwell v. Fisher*, 716 F.3d 477, 481 (8th Cir. 2013). A sovereign

5

gains primary custody over a prisoner by taking physical custody of him before another sovereign does. *See id.* If a state officials arrest a prisoner before federal officials do, for instance, the state retains primary jurisdiction over them until it (1) dismisses the charges against them, (2) releases them on bail, (3) grants them parole, or (4) releases them at the end of their sentence. *United States v. Cole*, 416 F.3d 894, 897 (8th Cir. 2005). The United States can file charges against the prisoner and take them into federal custody, but the prisoner will still be under the primary jurisdiction of the state; custody is merely loaned to the United States from the state with primary jurisdiction. *Id.* at 896–97; *Elwell*, 716 F.3d at 482.

When police arrested Mr. Anderson on March 24, 2017, the State of Indiana took primary jurisdiction over him. He remained in state custody until the District Court in the Northern District of Indiana issued a writ of habeas corpus *ad prosequendum* ordering the United States Marshals to bring him to court to face federal charges. Although Mr. Anderson was in the physical custody of the United States when he was sentenced in federal court, he was still under the primary jurisdiction of the state of Indiana. *See Cole*, 416 F.3d at 896–97; *Elwell*, 716 F.3d at 482. Therefore, he could not start serving his federal sentence at that time. *Cole*, 416 F.3d at 897. He could only begin serving his federal sentence when the state of Indiana relinquished primary jurisdiction, which it did by dropping the charges against him, and then revoking his probation and releasing him to federal custody on April 12, 2019. On that day, Mr. Anderson became subject to the

exclusive jurisdiction of the United States, and he could begin to serve his sentence.[4] *See* 18 U.S.C. § 3585(a) (stating that a federal sentence starts when a prisoner arrives at "the official detention facility at which the sentence is to be served," or surrenders to a place that can transfer them to that facility); (Teters Decl., Ex. O at 2, Dkt. No. 10-15 ("If the prisoner is serving no other federal sentence at the time the sentence is imposed, and is in exclusive federal custody (not under the jurisdiction of a federal writ of habeas corpus ad prosequendum) at the time of sentencing on the basis of the conviction for which the sentence is imposed, the sentence commences on the date of imposition.").)

### B. The DOC Properly Calculated Mr. Anderson's Prior Custody Credits.

Federal prisoners have a statutory right to receive credit for time they serve before their sentence begins.

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
> (1) as a result of the offense for which the sentence was imposed; or
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

---

[4] The BOP has the discretion to "retroactively designate that a federal inmate's sentence commenced at the state facility in which the inmate served time prior to the federal sentence." *Ford v. Fikes*, No. 20-CV-00238 (PAM/HB), 2020 WL 4454929, at *3 (D. Minn. July 6, 2020) (quoting *Martinez v. Paul*, No. 18-CV-1260 (JRT/ECW), 2019 WL 2268969, at *2 (D. Minn. May 28, 2019)), *R&R adopted*, 2020 WL 4449952 (D. Minn. Aug. 3, 2020). Such a designation allows a prisoner to start serving their federal sentence as soon as it is imposed. *Id.* The discretion to make this designation rests with the BOP. 18 U.S.C. § 3621(b). It did not exercise that discretion in this case, though it is unclear whether Mr. Anderson ever sought such a designation. (Def.'s Resp. 8.)

7

18 U.S.C. § 3585(b). The BOP—not the sentencing court—determines how many presentence custody credits a prisoner is eligible to apply to their federal sentence.[5] *United States v. Wilson*, 503 U.S. 329, 334 (1992) (holding that the United States Attorney General shall make the determination); 28 C.F.R.§ 0.96 (authorizing the Bureau of Prisons to perform the duties of the Attorney General as they relate to federal prisoners); *see also United States v. Tindall*, 455 F.3d 885, 888 (8th Cir. 2006) ("The Bureau of Prisons is responsible for computing the sentence credit after the defendant has begun serving his sentence."). The BOP can only apply those presentence custody credits that have "*not been credited against another sentence*." 18 U.S.C. § 3585(b) (emphasis added); *Wilson*, 503 U.S. at 337 ("Congress made clear that a defendant could not receive a double credit for his detention time.").

The BOP has credited Mr. Anderson with the 18 days he spent in state custody before he was served with the probation warrant. (Teters Decl. ¶ 21; *id.* at Ex. A at 3.) He is entitled to this credit because Mr. Anderson's state drug and weapon charges were dismissed and his eighteen days of custody credit were never applied to a state sentence. (*See* Teters Decl., Ex. C at 6.) They were therefore eligible for application to his federal sentence. In contrast, Mr. Anderson is not entitled to credit for the time between when he received his probation warrant and his probation was revoked,[6] because that time has

---

[5] Administrative procedures allow BOP prisoners to challenge the calculation of their presentence custody credits. *United States v. Pardue*, 363 F.3d 695, 699 (8th Cir. 2004).

[6] Mr. Anderson was not in the primary jurisdiction of the United States during this period, despite being in its physical custody, so he could not have started serving his federal sentence during this period either. *See supra* Section IIA.

been credited to his sentence for his probation violation. (Teters Decl. ¶ 23 ("Petitioner's state sentence continued to run while he was on federal writ. As Petitioner was in service of his state sentence when he was in custody pursuant to the writ, this time is not creditable on his federal sentence.").)

### C. Mr. Anderson's Resentencing Proceeding Did Not Establish His "Time Served."

Mr. Anderson cites to his resentencing order as evidence that he served 72 months by the time he filed his petition. (Pet. 3.) In the order, the sentencing judge declined to impose "Mr. Anderson's requested 'time served' sentence, which would functionally amount to a sentence of about 6 years, or 72 months." (Pet., Ex. B-1, Dkt. No. 1-1 at 2 (excerpting Sentencing Memorandum, *Anderson v. United States*, No. 3:17-CR-63 (RLM/MGG) (N.D.I.N. Mar. 1, 2023) (Dkt. No. 75)).) The sentencing judge did not make a finding of fact that Mr. Anderson had served 72 months; he rejected Mr. Anderson's request for a sentence of "time served." (*Id.*)

Mr. Anderson also argues that the United States did not object to the judge's observation that he had served 72 months so it is barred by collateral estoppel from contesting that finding now. (Reply 1.) Because Mr. Anderson made this argument in his reply, the United States has not had a chance to respond. Thus, the dispute is not properly before the Court. Even so, a review of the sentencing transcript of the sentencing confirms that the amount of time Mr. Anderson had served was never litigated at sentencing, let alone decided, so Mr. Anderson's estoppel argument is without merit. *See*

9

Transcript of Sentencing, *Anderson v. United States*, No. 3:17-CR-63 (RLM/MGG) (N.D.I.N. Mar. 1, 2023) (Dkt. No. 80).

### D. Evidentiary Considerations

The Federal Rules of Evidence apply to habeas corpus proceedings, *Armstrong v. Kemna*, 534 F.3d 857, 867 (8th Cir. 2008), and Mr. Anderson claims that the declaration of the BOP official authenticating his records does not comply with those rules. (Pl.'s Reply 1, Dkt. No. 12.) He challenges the foundation, relevance, and admissibility of the records, noting that the BOP official wrote: "I have reviewed the sentence computation for inmate Bettis, and in doing so have reviewed all pertinent Bureau records. I certify that the attachments referenced herein are true and accurate copies of records kept in the regular course of business of the [BOP]." (*Id.*; Teters Decl. ¶ 2.) Since this is Mr. Anderson's case, not Mr. Bettis's case, Mr. Anderson claims that the records have not been authenticated as to him, are not relevant to him, and are based on inadmissible hearsay.

The Court believes Ms. Teters mistakenly wrote Mr. Bettis's name in paragraph two of her declaration, intending to write Mr. Anderson's name. Mr. Anderson's name is on the case caption of the declaration, as well as in paragraphs three, four, and six. Further, Mr. Bettis's name does not appear anywhere else in a search of the declaration or the attached exhibits. The United States is directed to file an amended declaration rectifying this error. When the error is addressed, the declaration will satisfy the requirements of Federal Rules of Evidence.

The declaration properly authenticates the documents attached to it because it is sworn testimony from a witness with knowledge of the documents at issue. Fed. R. Evid. 901(b)(1). Ms. Teters declared under penalty of perjury that she is a BOP employee who has worked on sentence computation for more than seventeen years. (Teters Decl. ¶ 1.) She certified that she reviewed the documents, and that they were "true and accurate copies of records," which is sufficient to support a finding that the documents are what she claims them to be. (*Id.* at ¶ 2.); Fed. R. Evid. 901(a); *see Purdy v. LeJeune,* No. 22-CV-2821 (JRT/ECW), 2023 WL 4561334, at *6–7 (D. Minn. July 17, 2023) (finding BOP declaration properly authenticated document in habeas action), *R&R adopted*, 2023 WL 5039748 (D. Minn. Aug. 8, 2023).

The records are also covered by the business records exception to the hearsay rule because Ms. Teters explained they were kept "in the regular course of business" of the BOP, were "made at or near the time of the occurrence," and were based on the observations of people "with knowledge of the relevant matters." (Teters Decl. ¶ 2); Fed. R. Evid. 803(6); *see Hernandez-Pacheco v. Fisher*, No. 10-CV-2088 JRT/TNL, 2011 WL 4929417, at *3 (D. Minn. Sept. 12, 2011) (noting that declaration of BOP official established exception to the hearsay exclusionary rule under Fed. R. Evid. 803(6) in habeas action), *R&R adopted*, 2011 WL 4808187 (D. Minn. Oct. 11, 2011).

Finally, Exhibits A through N relate to Mr. Anderson's state or federal charges and confinement, so they are relevant to this action which challenges that confinement. *See* Fed. R. Evid. 401 ("Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of

consequence in determining the action.") Exhibit O reprints the program statement that DOC uses to compute sentences such as Mr. Anderson's, so it is also relevant to this action because Mr. Anderson claims that he should have received credit for certain time he spent in presentence custody. Therefore, the undersigned recommends overruling Mr. Anderson's evidentiary objections upon receipt of a corrected affidavit from Ms. Teters at the DOC.

## ORDER

**IT IS HEREBY ORDERED THAT** the United States will produce a corrected affidavit, or a statement explaining why no such affidavit can be produced, no later than **one week** from the date of this order.

## RECOMMENDATION

Accordingly, based on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Plaintiff's Petition (Dkt. No. 1) be **DENIED**.
2. Plaintiff's Motion for a Preliminary Injunction (Dkt. No. 7) be **DENIED AS MOOT.**
3. This action be **DISMISSED WITH PREJUDICE**; and
4. **JUDGMENT BE ENTERED ACCORDINGLY.**

Date: January 26, 2024         *s/ John F. Docherty*
                               JOHN F. DOCHERTY
                               United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.

A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).

**FIG. 1. CUSTODY TIMELINE**

| Date | Event | Jurisdiction | Physical Custody |
|---|---|---|---|
| 03/24/17 | Mr. Anderson is arrested on state charges. | PRIMARY STATE JURISDICTION | |
| 04/11/17 | Mr. Anderson's probation warrant is executed. | | |
| 07/12/17 | Mr. Anderson is indicted by a federal grand jury. | | |
| 08/10/17 | The United States Marshals takes physical custody of Mr. Anderson pursuant to a writ of habeas corpus ad prosequendum. | | FEDERAL PHYSICAL CUSTODY |
| 11/11/17 | Mr. Anderson pleads guilty to federal charges. | | |
| 03/01/18 | Mr. Anderson is sentenced in federal court. | | |
| 03/05/18 | Mr. Anderson's state drug and firearm charges are dismissed. | | |
| 03/09/18 | Mr. Anderson returns to state jail. | | |
| 04/11/19 | State court finds Mr. Anderson violated his probation. | | |
| 04/12/19 | Mr. Anderson is released to the United States Marshals. | PRIMARY FEDERAL JURISDICTION AND FEDERAL PHYSICAL CUSTODY | |
| 12/14/22 | Mr. Anderson's § 2255 petition is granted. | | |
| 03/08/23 | Mr. Anderson is resentenced in federal court. | | |
| 04/20/23 | Mr. Anderson files a § 2241 petition. | | |