## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Jason Anderson, | Case No. 23-CV-1137 (JMB/JFD) |
| Petitioner, | |
| v. | ORDER ON REPORT AND RECOMMENDATION |
| Warden Thomas, | |
| Respondent. | |

This matter is before the Court on Petitioner Jason Anderson's Objections (Doc. No. 19) to the Report and Recommendation ("R&R") (Doc. No. 14) of United States Magistrate Judge John F. Docherty, in which the Magistrate Judge recommends denying Anderson's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (the "Petition") (Doc. No. 1). For the reasons discussed below, the Court overrules Anderson's Objections, adopts the R&R, denies the Petition, denies the ancillary motion as moot, and dismisses this action with prejudice.

**I.   Background**

The factual background of this matter is set forth in the R&R and need not be fully repeated here. Petitioner Jason Anderson is currently serving a modified 102-month sentence for violating 18 U.S.C. § 922(g)(1), Felon in Possession of One or More Firearms with Forfeiture Allegation.[1] (Doc. No. 10 ¶ 4; Doc. No. 10-1 at 2.)

---

[1] Anderson's sentence was reduced from 180 months to 102 months on March 8, 2023. *See* Sentencing Memorandum (Doc. No. 77) at *8, *United States v. Anderson*, No. 3:17-CR-63 (DRL-MGG) (N.D. Ind. Mar. 8, 2023).

Following a resentencing hearing, Anderson filed the Petition, in which he asked the Court to order the Bureau of Prisons ("BOP") to recalculate his sentence and claimed he was entitled to immediate release. (Doc. No. 1.) Anderson also took issue with the BOP's reliance on a Declaration from BOP Correctional Programs Specialist, Robin Teters (Doc. No. 10), in which Teters stated, with documentary support, that the BOP had accurately calculated Anderson's sentence and that he was ineligible for immediate release. (Doc. No. 12.) Although the majority of Teters's Declaration referenced Anderson, one paragraph of her Declaration erroneously stated, "I have reviewed the sentence computation for *inmate Bettis*, and in doing so have reviewed all pertinent Bureau records. I certify that the attachments referenced herein are true and accurate copies of records kept in the regular course of business of the [BOP]." (Doc. No. 10 at ¶ 2 (emphasis added).) Anderson challenged the foundation, relevance, and admissibility of Teters's Declaration and the records she referenced because of Teters's erroneous reference to another inmate. (Doc. No. 12 at 1.) Anderson argued to the Magistrate Judge that Teters's reference to another inmate demonstrated that the Government was responding to another inmate's habeas petition, not Anderson's. (*Id.*)

In an ancillary Motion for Preliminary Injunction (the "Motion"), Anderson asked for an immediate transfer to a halfway house while the Court resolved his Petition. (Doc. No. 7 at 1.)

In the R&R, the Magistrate Judge recommends denying Anderson's Petition on grounds that he is ineligible for immediate release because the BOP correctly calculated his sentence. (Doc. No. 14 at 5–8.) The Magistrate Judge also recommends overruling

Anderson's evidentiary objections to the Teters Declaration but only "upon receipt of a corrected affidavit from Ms. Teters . . . ." (*Id.* at 12.)  The Magistrate Judge ordered Respondent to "produce a corrected affidavit, or a statement explaining why no such affidavit can be produced" within one week.  (*Id.*)  Respondent timely filed a Declaration from BOP Management Analyst Juannetta Hayes[2] (Doc. No. 17), which corrected the sole error but otherwise supplied the same information and appended the same supporting documents as the Teters Declaration.  Anderson objects to the R&R.  (Doc. No. 19.)

## II.     Discussion

The Court reviews the challenged portions of an R&R under a de novo standard of review.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); D. Minn. L.R. 72.2(b).  In his Objections, Anderson maintains that he is entitled to immediate release for two reasons: (1) the Magistrate Judge "exceeded his authority" by ordering Respondent to produce a corrected declaration; and (2) the Magistrate Judge ignored Anderson's argument that he has served 72 months on his federal sentence. (Doc. No. 19 at 3–5.)  Based on those two errors, Anderson also argues that the Court should grant his Motion for a Preliminary Injunction.  (*Id.* at 6.)  Neither argument convinces the Court to reject the R&R.

### A.     Authority of the Magistrate Judge to Request Correction

Anderson first argues that the Magistrate Judge "exceeded his authority by altering the record post-briefing." (*Id.* at 3.)  Anderson suggests that the Magistrate Judge's order that Respondent produce a corrected declaration amounted to an alteration of the record.

---

[2] Respondent produced a declaration from Hayes, rather than Teters, because Teters had since retired from her employment at BOP. (Doc. No. 16 at 1.)

3

The Court does not agree with this characterization of the Magistrate Judge's order. Contrary to Anderson's argument, the Magistrate Judge observed a clerical discrepancy in the Teters Declaration and directed Respondent to file additional documentation to resolve it. (*See* Doc. No. 10.) The Magistrate Judge did so not out of bias but rather to ensure an accurate record. (Doc. No. 14 at 10.)

In addition, the Court acknowledges that, with the exception of one single reference to "inmate Bettis," all other parts of the Teters Declaration refer to "Jason Anderson" (*see* Doc. No. 10 ¶¶ 3, 4, 6) and the attached records unequivocally pertain to Anderson. (Doc. Nos. 10-1–10-15.) Thus, even before Respondent filed the corrected Hayes Declaration, the record shows that Respondent reviewed Anderson's pertinent BOP records when determining his sentence computation. Finally, the nature of the Magistrate Judge's ordered correction (i.e., correcting the Teters Declaration's singular reference to another inmate) does not impact the substance of Anderson's arguments in his Petition.

Accordingly, the Court determines that the Magistrate Judge did not exceed his authority by ordering Respondent to produce a corrected declaration.

### B. Determination of Time Served at Anderson's Resentencing

Anderson also maintains that he is entitled to immediate release because the sentencing Court determined at his resentencing hearing that he had served 72 months on his federal sentence. (Doc. No. 19 at 5.) Anderson argues that the Magistrate Judge ignored this portion of his argument. (*Id.* at 4–5.) Again, the Court is not convinced.

First, the Court does not agree that the Magistrate Judge neglected to address Anderson's argument. To the contrary, R&R Section III(C) specifically addresses it. In

4

that section, the Magistrate Judge concludes that the sentencing court did not determine that Anderson had served 72 months on his federal sentence. (Doc. No. 14 at 9–10.)

Second, the Court disagrees with the characterization of certain documents Anderson relies on to support this argument. Anderson asserts that his Exhibit B demonstrates his entitlement to immediate release. (Doc. No. 1 at 3.) His Exhibit B comprises the following two documents: (1) an excerpt of the Court's memorandum following Anderson's March 8, 2023 resentencing hearing; and (2) an excerpt of the certified transcript from Anderson's March 8, 2023 resentencing hearing. (Doc. No. 1-1 at 2–3.) The Court has reviewed these excerpts (as well as the full documents from which Anderson extracted them) and concludes that they do not support his supposition that the sentencing Court determined that he had served 72 months. *See* Transcript of Sentencing (Doc. No. 80), *United States v. Anderson*, No. 3:17-CR-63 (DRL-MGG) (N.D. Ind. Mar. 8, 2023); *see also* Sentencing Memorandum (Doc. No. 77), *Anderson*, No. 3:17-CR-63. Instead, the excerpts merely show that the sentencing Court considered and rejected Anderson request for a "time-served" sentence of 72 months without making a finding as to how much time Anderson had served on his federal sentence. *See* Transcript of Sentencing (Doc. No. 80), *Anderson*, No. 3:17-CR-63; *see also* Sentencing Memorandum (Doc. No. 77), *Anderson*, No. 3:17-CR-63.

The Court concludes that the Magistrate Judge's analysis is correct. Additionally, because this conclusion necessarily means that Anderson is ineligible for immediate release, the Court denies his Motion to be transferred to a halfway house as moot.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, IT IS HEREBY ORDERED that:

1. Petitioner Jason Anderson's Objections to the Report and Recommendation (Doc. No. 19) are OVERRULED;

2. The Report and Recommendation (Doc. No. 14) is ADOPTED;

3. Anderson's Petition for a Writ of Habeas Corpus Under § 28 U.S.C. § 2241 (Doc. No. 1) is DENIED;

4. Anderson's Motion for Preliminary Injunction (Doc. No. 7) is DENIED AS MOOT; and

5. The action is DISMISSED WITH PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: March 21, 2024　　　　　　　　　　　　　/s/ Jeffrey M. Bryan
　　　　　　　　　　　　　　　　　　　　　　　　Judge Jeffrey M. Bryan
　　　　　　　　　　　　　　　　　　　　　　　　United States District Court